UNITED STATES of America,
Appellee,

v.

Travious PARKER, Defendant–
Appellant.

No. 06–1831–cr.

United States Court of Appeals,
Second Circuit.

May 6, 2008.

Jon P. Getz, Muldoon & Getz, Rochester, NY, for Defendant–Appellant.

Robert A. Marangola, Assistant United States Attorney (Terrance P. Flynn, United States Attorney, on the brief), United States Attorney's Office for the Western District of New York, Rochester, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges, Hon. SIDNEY H. STEIN, District Judge.[1]

## SUMMARY ORDER

Defendant–Appellant Travious Parker appeals from the judgment of conviction of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*), entered on April 17, 2006, sentencing him after trial principally to 220 months' imprisonment for one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), one count of possession of marijuana, in violation of 21 U.S.C. § 844(a), one count of possession with intent to distribute five grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), one count of possession of five grams or more of cocaine base in violation of 21 U.S.C. § 844(a), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

 Parker first argues that the magistrate judge and District Court erred in limiting the reopened suppression hearing to allow only Parker to testify. We review the decision whether or not to reopen a suppression hearing for abuse of discretion. *See United States v. Bayless,* 201 F.3d 116, 131 (2d Cir.), *cert. denied,* 529 U.S. 1061, 120 S.Ct. 1571, 146 L.Ed.2d 474 (2000); *United States v. Oliver,* 626 F.2d 254, 260 (2d Cir.1980). We find that the court did not exceed its allowable discretion in limiting the reopened suppression hearing. In findings adopted by the District Court, the magistrate judge did not credit Parker's version of the events surrounding his arrest not simply because it was inconsistent with that of a police officer witness who testified before a different judicial officer, but because she found Parker's testimony, by itself, to be "so implausible as to defy credulity." There was no need to hear the officer testify live to make this well-supported finding. *See also Cullen v. United States,* 194 F.3d 401, 407 (2d Cir.1999) (citing *Wildermuth v. Furlong,* 147 F.3d 1234, 1236 (10th Cir.1998) (holding that a *de novo* hearing is not required if the district court adopts the magistrate

---

**1.** Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

judge's findings)). Moreover, despite Parker's apparent contention to the contrary, there were no material inconsistencies between the officer's testimony and the dispatch printouts from the Emergency Communications Department. *See Oliver*, 626 F.2d at 260.

Parker also argues that the District Court erred in denying his motion to suppress evidence found during his July 19, 2002 arrest. We review the legal issues surrounding a denial of a motion to suppress *de novo*, and factual findings for clear error, viewing those facts in the light most favorable to the government. *See United States v. Casado*, 303 F.3d 440, 443 (2d Cir.2002). "[A] police officer can stop and briefly detain a person if the officer has a reasonable suspicion 'that criminal activity may be afoot.'" *Bayless*, 201 F.3d at 132 (quoting *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). In determining whether the stop is reasonable, we must determine "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry*, 392 U.S. at 20, 88 S.Ct. 1868. The "quantum of suspicion necessary" to justify the stop is "'reasonable suspicion, based on specific and articulable facts, of unlawful conduct.'" *Bayless*, 201 F.3d at 132 (quoting *United States v. Scopo*, 19 F.3d 777, 781 (2d Cir.1994)).

▮ The factual findings of the magistrate judge, as adopted by the District Court, are not clearly erroneous, and, thus, we are constrained to accept them. *See United States v. Muhammad*, 463 F.3d 115, 124 (2d Cir.2006). Those facts, which included (1) the officer's suspicion that Parker had been involved in a recent traffic accident and had fled the scene, (2) the officer's information from a confidential informant that Parker had been carrying a gun, and (3) that the officer saw Parker backing away from him and saw something large weighing down Parker's sweatshirt, were sufficient to give rise to reasonable suspicion to justify the stop. *Cf. id.* at 122. The findings of fact also demonstrate that the duration and scope of the stop were reasonable. The officer was entitled to pat Parker down and remove his gun, as the search was reasonably related to the goal of protecting the officers. *Cf. Casado*, 303 F.3d at 447. The District Court did not err in denying the motion to suppress the July 19, 2002 evidence. *See Muhammad*, 463 F.3d at 124.

▮ Parker also argues that his first counsel was ineffective at his suppression hearing. To succeed on an ineffective assistance of counsel claim, Parker must demonstrate that the representation (1) "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and (2) prejudiced him, *id.* at 693, 104 S.Ct. 2052; *see also Garcia v. United States*, 278 F.3d 134, 137 (2d Cir. 2002). While, "this court has expressed a baseline aversion to resolving ineffectiveness claims on direct review," *United States v. Khedr*, 343 F.3d 96, 99 (2d Cir. 2003) (internal quotation marks omitted), we will review claims on direct appeal when the record is fully developed and resolution is beyond doubt. *See United States v. Garcia*, 413 F.3d 201, 219 n. 13 (2d Cir.2005); *see also United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir.2006); *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir.2004), *cert. denied*, 544 U.S. 990, 125 S.Ct. 1878, 161 L.Ed.2d 751 (2005). These requirements are met here. In a ruling adopted by the District Court, the magistrate judge found that Parker's original counsel's representation was "vigorous and thorough" and that there was no basis for an ineffectiveness claim. We agree.

Parker's argument that his original counsel lacked a strategy is wholly unsubstantiated, and without merit. *See Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955); *Mason v. Scully,* 16 F.3d 38, 42 (2d Cir.1994). To the extent Parker argues that his ineffectiveness claim finds support in the magistrate judge's decision to reopen the suppression hearing, that argument is unavailing. The judge found that reopening the hearing to allow Parker to testify was the "more prudent course of action" only because she could not "say with confidence that the defendant understood his absolute right to testify despite his counsel's recommendation to the contrary." In fact, the judge explicitly went on to find that Parker had not established ineffective assistance of counsel.

Parker also argues that the District Court erred in calculating his criminal history category and that, particularly in light of that criminal history calculation, the sentence of imprisonment is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a). Because, as discussed below, we are remanding for the District Court to consider whether it would have sentenced Parker differently had it been aware of its discretion to deviate from the crack cocaine ranges *in light of* the statutory factors in 18 U.S.C. § 3553(a), we decline, at this time, to address Parker's contentions regarding his criminal history category and the application of those factors. *See United States v. Irving,* 452 F.3d 110, 125–26 (2d Cir.2006) (declining to address challenges to Guidelines calculations prior to a remand pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005)).

■ Finally, it is now clear that district courts have authority to consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses. *See*

*Kimbrough v. United States,* 552 U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007); *United States v. Regalado,* 518 F.3d 143 (2d Cir.2008). Parker made no argument below regarding the District Court's discretion to deviate from the Guidelines sentencing ranges for crack cocaine offenses. Both parties now agree to a remand for proceedings consistent with *Kimbrough,* 128 S.Ct. 558. Because "[w]e cannot know whether the district court would have imposed a non-Guidelines sentence had it been aware (or fully aware) of its discretion to deviate from the crack cocaine ranges" or whether the "likely procedural error ... affected substantial rights and affected the fairness, integrity or public reputation of judicial proceedings," remand is necessary. *Regalado,* 518 F.3d at 150. We note, as the government does, that on remand, the District Court also has jurisdiction pursuant to 18 U.S.C. § 3582(c)(2) to decide whether to modify the sentence now that the cocaine ranges on which it was based have been lowered. *See Regalado,* 518 F.3d at 150–51; U.S.S.G. § 1B1.10(c). For these reasons, we AFFIRM the judgment of the District Court, but REMAND the sentence to the District Court for further proceedings consistent with *Kimbrough,* 128 S.Ct. 558, and this court's recent decision in *Regalado,* 518 F.3d 143. Any appeal taken from the District Court's decision on remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).