08-4199-cr
United States v. Parker

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

———————————

August Term, 2008

(Argued: August 6, 2009                    Decided: August 14, 2009)

Docket No. 08-4199-cr

———————————

UNITED STATES OF AMERICA,

*Appellee,*

— v.—

TRAVIOUS PARKER,

*Defendant-Appellant.*

———————————

Before:

MCLAUGHLIN, CALABRESI, RAGGI,

*Circuit Judges.*

————————

Appeal from a judgment of conviction entered after a jury trial in the Western District

of New York (Charles J. Siragusa, *Judge*).  Defendant invokes United States v. Williams,

558 F.3d 166 (2d Cir. 2009), to challenge the 60-month consecutive sentence imposed on

Count I pursuant to 18 U.S.C. § 924(c) in light of a 120-month mandatory minimum imposed

on Count V pursuant to 21 U.S.C. § 841(b)(1)(B).  Williams does not apply in this case

because (1) the drug crime that is the predicate for defendant's Count I conviction is Count

II not Count V, and Count II does not provide for a mandatory minimum sentence, see 21

U.S.C. § 841(b)(1)(C); and (2) although Count V does subject Parker to a mandatory

minimum sentence higher than that provided in § 924(c), the conduct described in Count V

does not arise from the same criminal transaction or operative facts as Count I.

AFFIRMED.

––––––––––––––

JON P. GETZ, Muldoon & Getz, Rochester, New York, *for Defendant-Appellant*.

MONICA J. RICHARDS, Assistant United States Attorney, *for* Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, Buffalo, New York, *for Appellee*.

––––––––––––––

REENA RAGGI, *Circuit Judge*:

Defendant Travious Parker was convicted after a jury trial before Judge Charles J.

Siragusa in the United States District Court for the Western District of New York on five

counts of possessing crack cocaine on three different dates in 2002. Parker was further

convicted on two felony firearms counts in connection with one of the crack possessions.

Originally sentenced to a term of 220 months' imprisonment, Parker appealed to this court,

which affirmed his conviction but remanded for resentencing in light of Kimbrough v. United

States, 552 U.S. 85 (2007) (recognizing district court's authority to impose non-Guidelines

sentence based on disagreement with Sentencing Commission's policy for treatment of crack

cocaine offenses). See United States v. Parker, 277 F. App'x 48 (2d Cir. 2008). Receiving

a 180-month sentence on remand, Parker now appeals the judgment entered on August 21,

2

2008, arguing that the district court's imposition of a consecutive 60-month sentence pursuant to 18 U.S.C. § 924(c)(1)(A)(i) for his Count I firearms felony runs afoul of the express language of that statute as construed in our recent decisions in United States v. Williams, 558 F.3d 166 (2d Cir. 2009), and United States v. Whitley, 529 F.3d 150 (2d Cir. 2008). Parker further challenges the reasonableness of his sentence by claiming error in the district court's calculation of his Sentencing Guidelines range, specifically, in its determination of his Criminal History category as V. Because we identify no error in the first sentencing challenge, we need not address the second, as any error would necessarily be harmless beyond a reasonable doubt.

Accordingly, we affirm the judgment of conviction.

I. **Background**

On October 7, 2004, Parker was charged in a seven-count superseding indictment with criminal conduct occurring on three separate occasions.

- July 19, 2002

    - Count II: possession with intent to distribute a detectable amount of crack cocaine. See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).[1]

---

[1] In Counts II and III, after charging Parker with possession of "detectable" amounts of crack cocaine, proscribed by 21 U.S.C. § 841(b)(1)(C), the superseding indictment contains "Sentencing Allegations" of facts relevant to Sentencing Guidelines calculations. Thus, the Count II possession is alleged to have involved at least two grams of crack cocaine, and the Count III possession is alleged to have involved at least three grams of crack cocaine. Such pleadings, not uncommon in the interim between Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005), have been rendered unnecessary by the Booker remedy, see id. at 244. Thus, in discussing these counts in this opinion, we

3

- Count I: possession of a firearm in furtherance of Count II. <u>See</u> 18 U.S.C. § 924(c)(1).
- Count VII: possession of the same firearm after having been convicted of a felony. <u>See</u> <u>id.</u> §§ 924(a)(2), 922(g)(1).

- June 7, 2002

  - Count III: possession with intent to distribute a detectable amount of crack cocaine. <u>See</u> 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).
  - Count IV: simple possession of a detectable amount of marijuana. <u>See</u> <u>id.</u> § 844(a).

- April 30-May 1, 2002

  - Count V: possession with intent to distribute five grams or more of crack cocaine. <u>See</u> <u>id.</u> §§ 841(a)(1), 841(b)(1)(B).
  - Count VI: simple possession of the same drugs. <u>See</u> <u>id.</u> § 844(a).

On October 21, 2005, a jury found Parker guilty on all counts, and on April 11, 2006, the district court sentenced him to concurrent prison terms of 160 months on Counts II, III, V, and VI, 36 months on Count IV, and 120 months on Count VII, as well as to a consecutive prison term of 60 months on Count I. On remand, the district court sentenced Parker to concurrent prison terms of 120 months on Counts II, III, V, VI, and VII, and 36 months on Count IV, as well as to a consecutive prison term of 60 months on Count I.

Parker timely filed this appeal.

---

refer only to the statutorily proscribed "detectable" amount of contraband. By contrast, the <u>crime</u> pleaded in Count V of the superseding indictment is possession with intent to distribute "5 grams or more" of crack cocaine. <u>See</u> <u>United States v. Gonzalez</u>, 420 F.3d 111, 120-25 (2d Cir. 2005) (discussing why drug quantities specified in 21 U.S.C. § 841(b)(1)(A), (b)(1)(B) are elements of the crime of conviction).

## II. **Discussion**

A. *Williams* and *Whitley* Do Not Preclude the Imposition of a Mandatory Minimum Sentence Under § 924(c) Where, as in This Case, Defendant Does Not Face a Mandatory Minimum on the Underlying Predicate Crime

Citing our recent decisions in United States v. Williams, 558 F.3d 166, and United States v. Whitley, 529 F.3d 150, Parker argues that the district court erred in concluding that it was required by 18 U.S.C. § 924(c) to impose a consecutive prison term of 60 months on Count I in his case. Like the defendants in Williams and Whitley, Parker did not challenge the application of a consecutive § 924(c) sentence in the district court. See United States v. Williams, 558 F.3d at 169 n.2; United States v. Whitley, 529 F.3d at 152 n.1. Thus, our review is limited to plain error, see Fed. R. Crim. P. 52(b); United States v. Irving, 554 F.3d 64, 78 (2d Cir. 2009), and we identify none here.

Section 924(c)(1)(A) of Title 18 of the United States Code states in relevant part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –
>
> (i) be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A). Construing this language in Whitley, this court held that the "except" clause in the statute "means what it literally says," i.e., that a § 924(c) mandatory

5

minimum consecutive sentence does not apply where "'a greater minimum sentence is otherwise provided by . . . any other provision of law.'" United States v. Whitley, 529 F.3d at 153 (emphasis added) (rejecting argument that "except" clause relates solely to firearms offenses specified in § 924(c)). The following year, in Williams, this court construed Whitley to compel the identification of plain error in the imposition of a mandatory consecutive five-year sentence pursuant to § 924(c) because the underlying drug crime carried a higher ten-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A). See United States v. Williams, 558 F.3d at 170.

The Whitley/Williams rule has no bearing on this case because the predicate drug crime underlying Parker's conviction does not dictate a mandatory minimum sentence. As we have explained, to sustain a conviction under § 924(c), the government must prove that a defendant committed an underlying "crime of violence or [a] drug trafficking crime," "during and in relation to" which crime the firearm was used or carried. 18 U.S.C. § 924(c); see United States v. Zhou, 428 F.3d 361, 378 (2d Cir. 2005). The superseding indictment in this case explicitly identified the drug crime alleged in Count II – Parker's July 19, 2002 possession of a detectable amount of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) – as the predicate underlying Count I's § 924(c) charge. See Superseding Indictment at 1-2. Moreover, the jury specifically found Parker guilty of

6

Count II.[2]

On this record, Parker's § 924(c) conviction is plainly distinguishable from that of the defendant in Williams because the underlying § 841(b)(1)(C) offense in this case, in contrast to the § 841(b)(1)(A) predicate in Williams, "provides for no mandatory minimum" sentence. United States v. Pressley, 469 F.3d 63, 64 (2d Cir. 2006) (emphasis added); see United States v. Gonzalez, 420 F.3d 111, 121 (2d Cir. 2005) (discussing sentencing options afforded under § 841(b)(1)(A)-(C)). In sum, because Parker's predicate drug-trafficking crime provides for no "greater minimum sentence," 18 U.S.C. § 924(c)(1)(A), than that mandated by § 924(c)(1)(A)(i), neither Williams nor Whitley support Parker's claim of error.

Nor is the Whitley/Williams rule called into play by Parker's other counts of conviction, specifically, his Count V conviction for possession with intent to distribute five grams or more of crack cocaine, a crime that did carry a mandatory minimum sentence of ten years in light of Parker's prior drug felony conviction. See 21 U.S.C. § 841(b)(1)(B). As Williams observed, the "except" clause is not unbounded. See United States v. Williams, 558 F.3d at 171. Notably, it applies only to "minimum sentences for predicate statutory offenses arising from the same criminal transaction or operative set of facts." See id. at 171 (emphasis added). We deemed this limitation compelled by the text of the "except" clause,

_____

[2] In United States v. Zhou, 428 F.3d at 378 n.16, we declined to decide whether a defendant must, in fact, have been convicted of the underlying predicate crime to sustain a § 924(c) conviction. Parker's conviction on Count II makes it unnecessary for us to address that issue to dispose of Parker's sentencing challenge.

7

which applies only "so long as the firearm was possessed 'during and in relation to' or 'in furtherance of' that predicate offense." Id. at 171 (quoting § 924(c)).

Thus, although Count V provides for a "greater minimum sentence" than § 924(c), the "except" clause does not apply because the conduct described in Count V did not arise from the "same criminal transaction or operative set of facts" as Parker's § 924(c) violation. Pursuant to Counts I, II, and VII, Parker was convicted of possession of a Ruger .357 caliber revolver and possession with intent to distribute a "detectible" amount of crack cocaine on July 19, 2002. Pursuant to Count V, however, Parker was convicted of an entirely different possession of crack cocaine – in an amount of "5 grams or more" – on a different date, April 30-May 1, 2002. In short, the indictment did not charge and the jury did not find that the weapon Parker carried in furtherance of his July 19, 2002 crack possession was carried "during and in relation to" his possession of crack more than two months earlier on April 30-May 1, 2002. In these circumstances, the district court's statutory obligation under 21 U.S.C. § 841(b)(1)(B) to sentence Parker to a minimum 120-month prison term on Count V did not relieve it of its statutory obligation under 18 U.S.C. § 924(c)(1)(A)(i) to sentence Parker to a consecutive 60-month prison term on Count I for the drug offense detailed in Count II.

In sum, in contrast to Whitley and Williams, we identify no error, let alone plain error, in the imposition of consecutive sentences in this case.

B.    Parker's Criminal History Category

Parker argues that the district court erroneously calculated his Sentencing Guidelines

8

range by using prior marijuana possession convictions to support a Criminal History category of V. We review this alleged procedural error for abuse of discretion. See United States v. Cavera, 550 F.3d 180, 189-90 (2d Cir. 2008) (en banc).

In fact, we need not here decide whether the district court erred in calculating Parker's criminal history category, because any error would be harmless. See United States v. Jass, 569 F.3d 47, 68 (2d Cir. 2009) (applying harmless error analysis to Guidelines calculation challenge). The challenged sentence is below the Guidelines range and dictated by statutory mandated minimums: 120 months' incarceration on Count V (ordered to run concurrently with equal or lesser sentences imposed on Counts II, III, IV, VI, and VII); and a mandated consecutive sentence of 60 months on Count I, see 18 U.S.C. § 924(c)(1)(D)(ii). Taken together, Parker's aggregate sentence of 180 months represented the lowest term of incarceration permitted by law in the absence of a substantial assistance motion from the government pursuant to 18 U.S.C. § 3553(e), see also U.S.S.G. § 5K1.1, which was not made in this case. Under these circumstances, any error in the calculation of Parker's criminal history was necessarily harmless as it could not have supported any lesser sentence. Thus, we may affirm the judgment without addressing this asserted error. See United States v. Sharpley, 399 F.3d 123, 127 (2d Cir. 2005) (declining to address asserted sentencing error because, where sentence set at mandatory minimum, "any reduction in the calculated Guidelines range could not reduce [defendant]'s actual sentence," and was therefore harmless); see also 18 U.S.C. § 3553(e) (providing district courts with ability to depart below

9

mandatory minimum sentence only upon motion from government to reflect defendant's "substantial assistance in the investigation").

### III.     Conclusion

To summarize, we hold

(1) The imposition of a consecutive 60-month sentence pursuant to 18 U.S.C. § 924(c)(1)(A)(i) does not implicate the rule established by United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), and United States v. Williams, 558 F.3d 166 (2d Cir. 2009), because the predicate offense for the § 924(c) conviction, drug possession in violation of 21 U.S.C. § 841(b)(1)(C), did not give rise to a mandatory minimum sentence, let alone a "greater minimum sentence" than that provided by § 924(c).

(2) No different conclusion is warranted by defendant's exposure to a higher mandatory minimum on a count of conviction that is not the predicate for the § 924(c) count and that involves a different criminal transaction and different set of facts from those at issue in the § 924(c) crime.

(3) Because defendant was sentenced to the minimum sentence mandated by law, any error in the determination of his Criminal History category for purposes of calculating his Sentencing Guidelines range was necessarily harmless and, thus, need not be resolved on this appeal.

Accordingly, the judgment of conviction is hereby AFFIRMED.

10