09-0337-cr
United States v. Antonio-Genan

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of January, two thousand and ten.

Present:
> JOHN M. WALKER,
> CHESTER J. STRAUB,
> ROSEMARY S. POOLER,
>
> Circuit Judges.

_____

United States of America,

Appellee,

    -v-

(09-0337-cr)

Perfecto Antonio-Genan, also known as Pedro Germosen, also known as Samuel Huertas,

Defendant-Appellant.

_____

Appearing for Appellant:      David A. Lewis, Federal Defenders of New York, New York, N.Y.

Appearing for Appellee:      Preet Bharara, U.S. Attorney for S.D.N.Y (Amie N. Ely, Andrew L. Fish, of counsel).

Appeal from the United States District Court for the Southern District of New York (Berman, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Perfecto Antonio-Genan, appellant, pled guilty to illegal re-entry into the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). On January 22, 2009, Judge Berman of the Southern District of New York sentenced appellant to 46 months' imprisonment followed by three years of supervised release and a special assessment of $100. Antonio-Genan now appeals.

We assume the parties' familiarity with all additional underlying facts, procedural history, and specification of issues for review.

The only issue before this court is whether the judge's conclusion that appellant was on parole when he illegally re-entered the United States and thus subject to a two point criminal history increase under U.S.S.G. § 4A1.1(d) was erroneous, and rendered appellant's sentence unreasonable.

The facts of appellant's parole are not in dispute, the only question is the interpretation of New York Executive Law § 259-j (3-a), part of the New York State Drug Law Reform Act of 2005, as applied to federal sentencing decisions. The provision states that the division of parole "must grant termination of sentence after two years of unrevoked parole to a person serving an indeterminate sentence for any other felony offense defined in article two hundred twenty or two hundred twenty-one of the penal law." The parties agree that appellant's conviction is eligible under § 259-j (3-a), and that appellant's parole was never revoked.

Ordinarily we review an alleged procedural error for abuse of discretion. United States v. Parker, 577 F.3d 143, 147 (2d Cir. 2009). Here, however, we need not decide whether the district court committed procedural error in its interpretation of New York Executive Law § 259-j (3-a) in calculating appellant's criminal history category because any error was harmless. See id.

Even if the district court procedurally erred when it concluded that appellant was on parole at the time of his illegal re-entry, the district court imposed a non-guideline sentence of 46 months' imprisonment "as if" defendant was correct that he was not on parole when he re-entered the United States. Therefore, it is clear that the district court would have imposed the same sentence regardless of its ultimate Sentencing Guidelines range calculation. And as appellant rightly concedes, "if the district court 'indicates that it would have' imposed the same sentence, no matter the outcome of the dispute before it, there is no basis for requiring a resentencing." Df. Reply Br. at 8 (citing United States v. Borrego, 388 F.3d 66, 69 (2d Cir. 2004)). Because we conclude that the district court so indicated, any procedural error was harmless, and thus, need not be resolved on this appeal.

Accordingly, the judgement of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk