10-1523-cr
United States v. Volynskiy

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand eleven.

PRESENT:   JOSEPH M. McLAUGHLIN,
               REENA RAGGI,
               PETER W. HALL,
                   *Circuit Judges*.

-----------------------------------------------------------------

UNITED STATES OF AMERICA,
                   *Appellee*,

               v.                                                           No. 10-1523-cr

ALEKSEY VOLYNSKIY,
                   *Defendant-Appellant*.

-----------------------------------------------------------------

APPEARING FOR APPELLANT:          LAURIE S. HERSHEY, Esq., Manhasset, New York.

APPEARING FOR APPELLEE:           SEETHA RAMACHANDRAN (Katherine Polk Failla, *on the brief*), Assistant United States Attorneys, Of Counsel, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District

of New York (Denny Chin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 9, 2010, is AFFIRMED.

Defendant Alexsey Volynskiy stands convicted on pleas of guilty to one count each of (1) conspiracy to commit wire fraud and to intentionally damage and access a protected computer for personal gain, see 18 U.S.C. §§ 371, 1343, 1030(a)(2)(C), (a)(5)(A); and (2) money laundering, see id. § 1956(a)(2)(B)(i); and three counts of (3) access device fraud, see id. § 1029(2)-(3), (5). On appeal, Volynskiy challenges the procedural and substantive reasonableness of his 37-month prison sentence – the low-end of the applicable 37-to-46 month Guidelines range. Reasonableness review is akin to that for abuse of discretion. See United States v. Cavera, 550 F.3d 180, 187-89 (2d Cir. 2008) (en banc); see also United States v. Canova, 485 F.3d 674, 679 (2d Cir. 2007) (considering "both the length of the sentence (substantive reasonableness) and the procedures used to arrive at the sentence (procedural reasonableness)"). In applying this standard here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Procedural Error

a.    Total Loss Amount

Volynskiy submits that the district court miscalculated the total loss amount applicable to his Guidelines range by $90,000 – based on $500 for each of 180 credit card numbers Volynskiy provided to a cooperating witness. See U.S.S.G. § 2B1.1 cmt. n.3(F)(i). Specifically, he contends that the district court erred in finding that he intended such a loss

because the credit card information could not be used without PIN numbers. See id. cmt. n.3(A) (calculating loss amount as greater of actual or intended loss); United States v. Ravelo, 370 F.3d 266, 270 (2d Cir. 2004).

Assuming, arguendo, that Volynskiy did not waive this argument by declining to request a hearing as to loss amount, see United States v. Quinones, 511 F. 3d 289, 321 (2d Cir. 2007), we identify no clear error in the district court's factual finding as to Volynskiy's intent, see United States v. Uddin, 551 F.3d 176, 180 (2d Cir.), cert. denied, 129 S. Ct. 2886 (2009). Even if Volynskiy could not use the counterfeit cards without PIN numbers, such fraudulent use was clearly his ultimate intent. Indeed, Volynski stated that he understood that co-conspirators could obtain access numbers. Moreover, the impossibility of Volynskiy using the credit cards fraudulently because he was unknowingly dealing with a cooperator is immaterial; intended loss includes harm "that would have been impossible or unlikely to occur." U.S.S.G. § 2B1.1 cmt. n.3(A)(ii); see also United States v. Ravelo, 370 F.3d at 273.

In any event, the alleged error is harmless because even without the disputed $90,000, the total loss amount exceeded $200,000, the amount triggering a two-level enhancement under U.S.S.G. § 2B1.1(b)(1)(G). See United States v. Parker, 577 F.3d 143, 147-48 (2d Cir. 2009); see also United States v. Glick, 142 F.3d 520, 526 (2d Cir. 1998). Volynskiy's suggestion that the $90,000 may have informed the district court's restitution and forfeiture calculations is belied by the record. Without objection by Volynskiy, the district court ordered $30,000 in restitution and forfeiture based exclusively on Charles Schwab's actual

3

losses from the wire fraud conspiracy and money laundering scheme.[1]

Accordingly, we identify no procedural error in the calculation of loss.

b.    Authority to Impose a Non-Guidelines Sentence

Volynskiy next contends that the district court misapprehended its authority to depart or impose a non-Guidelines sentence based on various grounds. See United States v. Sanchez, 517 F.3d 651, 661 (2d Cir. 2008) (error in determining authority to vary from Guidelines may be procedurally unreasonable). We must "presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged his duty to consider the statutory factors enumerated in § 3553(a)." United States v. Malki, 609 F.3d 503, 512 (2d Cir. 2010) (internal quotation marks omitted); United States v. Stinson, 465 F.3d 113, 114 (2d Cir. 2006) (applying presumption absent "clear evidence" of "substantial risk" that district court misapprehended scope of its departure authority). Nothing in the record overcomes this presumption. To the contrary, the district court specifically discussed the grounds Volynskiy identifies and made "abundantly clear" that it had read the defense's sentencing submission, listened to its arguments, and considered the statutory sentencing factors. United States v. Fernandez, 443 F.3d 19, 29 (2d Cir. 2006).

In urging otherwise, Volynskiy submits that the district court mistakenly thought double-counting was required for it to depart based on the enhancement for trafficking

---

[1] Although the government originally submitted that Charles Schwab suffered $250,000 in actual losses and argued for a correspondingly higher Guidelines range and restitution amount, it agreed to lower this loss figure to $30,000 because it could substantiate only that amount in Western Union records.

unauthorized credit cards, see U.S.S.G. § 2B1.1(b)(10)(B)(i), purportedly overlapping with Volynskiy's offense conduct, see United States v. Lauersen, 362 F.3d 160, 164 (2d Cir. 2004) (concluding that even without double-counting, cumulative effect of "substantially overlapping enhancements" at "higher end" of sentencing table provides departure ground), vacated on other grounds, 543 U.S. 1097 (2005). Read in context, the district court's passing reference to "double-counting" does not suggest a misunderstanding of its departure authority because it repeatedly emphasized that the requisite "overlap" was lacking.

Volynskiy next contends that the district court misapprehended its sentencing discretion because it "failed to appreciate" the extraordinary immigration consequences Volynskiy faces, namely, separation from his family, detention in an immigration facility after imprisonment, and potential statelessness if Russia and Ukraine deny him citizenship. Appellant's Br. at 24; see United States v. Restrepo, 999 F.2d 640, 643-44 (2d Cir. 1993) (leaving open in pre-Booker context whether extraordinary immigration consequences warrant departure); see also Kimbrough v. United States, 552 U.S. 85, 107-08 (2007); United States v. Cavera, 550 F.3d at 191 (noting that "a district court may vary from the Guidelines range based solely on a policy disagreement with the Guidelines" affecting many offenders). We disagree. Even if the district court did not expressly reference each consequence, it addressed Volynskiy's immigration status at sentence and found his collateral consequences common among aliens in criminal cases. See United States v. Fernandez, 443 F.3d at 34 (declining to require specific articulation by district court to demonstrate understanding of sentencing authority). To the extent this reduces Volynskiy's argument to a complaint about

5

the weight the district court assigned his immigration consequences, we identify neither procedural error nor an abuse of discretion. See United States v. Mazza-Alaluf, 621 F.3d 205, 214 (2d Cir. 2010) (noting "considerable deference" given to district court "in assigning weight to relevant sentencing factors").

The same conclusion obtains with respect to Volynskiy's charge that the district court failed to make an individualized sentencing determination because the court did not assign greater weight to the factors Volynskiy identifies on appeal. See Kimbrough v. United States, 552 U.S. at 111; United States v. Verkhoglyad, 516 F.3d 122, 131-32 (2d Cir. 2008) (identifying no procedural error when district court "possessed ample information to assess" defendant's personal characteristics and appeared to view them favorably). As a result, we identify no procedural unreasonableness in Volynskiy's sentence.

2.    Substantive Unreasonableness

Volynskiy submits that his sentence is substantively unreasonable because it fails adequately to account for his youth, rehabilitation, attempt to cooperate, and eventual deportation. Volynskiy further submits that the district court placed undue weight on the need for general deterrence. We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks and emphasis omitted). That is not this case.

In imposing a sentence at the low end of the Guidelines range, the experienced district judge expressly considered the factors cited by Volynskiy. He nevertheless declined to

6

impose a non-Guidelines sentence because of the serious nature of Volynskiy's crimes, his important role and long involvement in the scheme, and the need for general deterrence of international hackers. On this record, the district court acted well within its "considerable sentencing discretion" in imposing the challenged term of incarceration. United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008). Accordingly, we reject Volynskiy's substantive challenge as without merit.

3. Conclusion

We have considered Volynskiy's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of conviction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court