# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 19, 2012

Lyle W. Cayce
Clerk

No. 11-20314
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MANUEL AVILA LOPEZ, also known as Victor Manuel Avila, also
known as Victor Manuel Avila-Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-797-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Victor Manuel Avila Lopez appeals his 30-month below-guidelines
sentence for his illegal reentry into the United States after being deported for an
aggravated felony conviction. Avila Lopez argues that his sentence is
substantively unreasonable because the district court did not properly balance
the 18 U.S.C. § 3553(a) sentencing factors to give the proper weight to such
factors as the remoteness of his prior voluntary manslaughter conviction, his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-20314

prior addiction to drugs and alcohol, and his efforts to rehabilitate his life. The Government has filed a motion for summary affirmance or, in the alternative, an extension of time to file a brief, which Avila Lopez opposes.

After determining that a sentence is procedurally reasonable, we review the substantive reasonableness of the sentence imposed for an abuse of discretion.[1] Like within-guidelines sentences,[2] below-guidelines sentences are presumed to be reasonable.[3]

Avila Lopez has not rebutted the presumption of reasonableness attached to his below-guidelines sentence. He has not demonstrated that his sentence fails to take into account a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors.[4]

Contrary to Avila Lopez's assertions, the district court did account for his alcohol and drug addiction, the age of his prior conviction, and his "extraordinary rehabilitation." In particular, before imposing a below-guidelines sentence, the district court expressly noted that it had considered all of Avila Lopez's reasons for requesting a downward variance. In the written Statement of Reasons, the district court explained that is was varying below the guidelines based on the nature of the offense and Avila Lopez's history and characteristics.

Avila Lopez conclusionally asserts that the district court erred in balancing the sentencing factors, and his general argument that the district court should have sentenced him even further below the guidelines range merely

---

[1] *See Gall v. United States*, 552 U.S. 38, 49-51 (2007).

[2] *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).

[3] *See United States v. Lopez-Velasquez*, 647 F.3d 284, 291 (5th Cir. 2011), *petition for cert. filed*, No. 11-6912 (U.S. Oct. 14, 2011).

[4] *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

reflects his disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors.[5]

The issue of the reasonableness of Avila Lopez's sentence is not foreclosed by circuit precedent. Accordingly, the Government's motion for summary affirmance is denied.[6] However, because Avila Lopez has not presented any evidence to rebut the presumption of reasonableness attached to his below-guidelines sentence,[7] further briefing in this case is not necessary. We therefore deny as unnecessary the Government's alternative request for an extension of time to file a brief, and we AFFIRM.

---

[5] *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (finding that the defendant could not rebut the presumption of reasonableness of within-guidelines sentence with simple disagreement with the propriety of the sentence imposed).

[6] *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006) (stating that summary disposition is appropriate when, among other things, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case"); *see also United States v. Godfrey*, No. 11-40263, 2011 WL 5429093, at *1 (5th Cir. Nov. 10, 2011) (unpublished) (per curiam). This Court's summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by Circuit precedent. *See, e.g., United States v. Ortiz-Grajeda*, 95 F. App'x 589 (5th Cir. 2004).

[7] *See Cooks*, 589 F.3d at 186.