# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60082
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

CLARENCE LEE, Also Known as Clarence Lee, II,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:12-CR-15

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Clarence Lee pleaded guilty of possessing a firearm after having been

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60082

convicted of a felony.  He contends, for the first time on appeal, that his attorney was ineffective in failing properly to investigate Lee's intellectual disabilities and mental competency, in failing to request a competency hearing, and in failing to apprise the district court, at sentencing, of Lee's intellectual disabilities as a mitigating factor.  He challenges the conviction and sentence.

The government moves to dismiss the appeal based on an appeal waiver in the plea agreement or, alternatively, for summary affirmance.  We pretermit the enforceability of the waiver, because we do not reach the merits of the ineffective-assistance claims in any event, given that the record is not sufficiently developed to allow us to evaluate counsel's actions.  *See United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006); *see also United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).  Our ruling is without prejudice to any right Lee may have to raise his ineffective-assistance claims on collateral review. *See Isgar*, 739 F.3d at 841.

We dispense with further briefing and AFFIRM.  We DENY the government's alternative request for summary affirmance—a procedure generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent.  *See United States v. Lopez*, 461 F. App'x 372, 374 n.6 (5th Cir. 2012); *United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010).