# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20637
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SANCHEZ OLIVAREZ, also known as Jose G. Sanchez, also known as Jose Guadalup Olivarez Sanchez, also known as Jose Guadalupe Olivare Sanchez, also known as Jose Guadalupe Sanchez-Olivarez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-355-1

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Sanchez Olivarez was convicted of illegal reentry after deportation. On appeal, Sanchez Olivarez contends that the district court erred by entering a judgment reflecting that he was convicted under 8 U.S.C. § 1326(b)(2) and by applying an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C). He argues that his prior Texas conviction for the offense of evading arrest with a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motor vehicle is not a crime of violence because the definition of crime of violence in 18 U.S.C. § 16(b), as incorporated by reference into the definition of an aggravated felony in 8 U.S.C. § 1101(a)(43)(F), is unconstitutionally vague on its face and as applied to him in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The Government has moved unopposed for summary affirmance in lieu of filing a brief. Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006) (internal quotation marks and citation omitted). The summary procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent. *United States v. Lopez*, 461 F. App'x 372, 374 n.6 (5th Cir. 2012); *see also United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010) (noting the denial of summary affirmance where an issue was not foreclosed).[1]

Our recent decision in *United States v. Gonzalez-Longoria*, ___ F.3d ___, No. 15-40041, 2016 WL 4169127, at *2-*6 (5th Cir. Aug. 5, 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259), forecloses relief on Sanchez Olivarez's argument that in light of *Johnson*, § 16(b) is unconstitutionally vague on its face.[2] However, Sanchez Olivarez also raises an as-applied

---

[1] *See Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (unpublished opinions issued after January 1, 1996 are not controlling precedent but may be considered persuasive authority); 5TH CIR. R. 47.5.

[2] The recent grant of certiorari by the United States Supreme Court on the issue whether § 16(b) is unconstitutional in light of *Johnson* in *Lynch v. Dimaya*, ___ S. Ct. ___, No. 15-1498, 2016 WL 3232911 (Sept. 29, 2016), does not alter the analysis. This court is bound by its own precedent unless and until that precedent is altered by a decision of the Supreme Court. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).

challenge. In *Gonzalez-Longoria*, we addressed an as-applied challenge to the appellant's prior conviction of the Texas offense of Assault Causing Bodily Injury with a Prior Conviction of Family Violence and concluded that the standard provided by § 16(b) could be "straightforwardly applied" to the offense. 2016 WL 4169127, at *5. Our opinion in *Gonzalez-Longoria* does not foreclose relief on Sanchez Olivarez's as-applied challenge regarding his offense of evading arrest with a motor vehicle. Accordingly, summary affirmance is not appropriate in this case. *See Holy Land Found. for Relief & Dev.*, 445 F.3d at 781.

Nevertheless, the standard of § 16(b) can be straightforwardly applied to Sanchez Olivarez's prior conviction, and § 16(b) is not unconstitutionally vague as applied to him. *See Gonzalez-Longoria*, 2016 WL 4169127, at *5; *see also United States v. Sanchez-Ledezma*, 630 F.3d 447, 450-51 (5th Cir. 2011). Thus, there was no error in the district court's determination that Sanchez Olivarez's prior conviction for evading arrest with a motor vehicle is an aggravated felony for purposes of § 2L1.2(b)(1)(C) and § 1326(b)(2). In light of our conclusion, further briefing is not necessary.

The motions for summary affirmance and for an extension of time to file a brief are DENIED. The judgment of the district court is AFFIRMED.