# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20755
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

DANIEL GARCIA BELLO,
Also Known as Daniel Bello, Also Known as Daniel Garcia,
Also Known as Daniel Belo, Also Known as Daniel R. Garcia,
Also Known as Daniel Rodrigo Garcia, Also Known as Daniel Garcia-Belo,

Defendant–Appellant,

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-423-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Daniel Garcia Bello was convicted of illegal reentry by a previously

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20755

deported alien after an aggravated felony. He contends that the district court erred by classifying his evading-arrest conviction as an aggravated felony under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(C). He reasons that his Texas conviction of evading arrest with a motor vehicle is not a crime of violence because the definition of that term in 18 U.S.C. § 16(b), as incorporated by reference into the definition of an aggravated felony in 8 U.S.C. § 1101(a)(43)(F), is unconstitutionally vague on its face in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). He further maintains that we cannot apply § 16(b) without violating due process.

The government moves unopposed for summary affirmance in lieu of filing a brief. Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006) (internal quotation marks and citation omitted). The summary procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent. *United States v. Lopez*, 461 F. App'x 372, 374 n.6 (5th Cir. 2012); *see also United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010) (noting the denial of summary affirmance where an issue was not foreclosed).

Our decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672–77 (5th Cir. 2016) (en banc), forecloses relief on Bello's argument that in light of *Johnson*, § 16(b) is unconstitutionally vague on its face.[1] Bello, however, also raises an as-applied challenge. In *Gonzalez-Longoria*, *id.* at 677–78, we

---

[1] The grant of certiorari on the issue whether § 16(b) is unconstitutional in light of *Johnson* in *Lynch v. Dimaya*, No. 15-1498, 2016 WL 3232911 (Sept. 29, 2016), does not alter the analysis. This court is bound by its own precedent unless and until it is altered by the Supreme Court. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).

No. 15-20755

addressed an as-applied challenge to a conviction of the Texas offense of Assault Causing Bodily Injury with a Prior Conviction of Family Violence and concluded that the standard provided by § 16(b) could be "straightforwardly applied" to the offense. Because *Gonzalez-Longoria* does not foreclose relief on Bello's as-applied challenge regarding his offense of evading arrest with a motor vehicle, summary affirmance is not appropriate. *See Holy Land Found.*, 445 F.3d at 781.

Nevertheless, the standard of § 16(b) can be straightforwardly applied to Bello's prior conviction, and § 16(b) is not unconstitutionally vague as applied to him. *See Gonzalez-Longoria*, 831 F.3d at 677–78; *see also United States v. Sanchez-Ledezma*, 630 F.3d 447, 450–51 (5th Cir. 2011). Thus, there was no error in the district court's determination that Bello's conviction of evading arrest with a motor vehicle is an aggravated felony for purposes of § 2L1.2(b)-(1)(C) and § 1326(b)(2). In light of our conclusion, further briefing is not necessary.

The motions for summary affirmance and for an extension of time to file a brief are DENIED. The judgment is AFFIRMED.