# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-40027
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GENARO MAYORGA-SALAZAR,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-102-1

————

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Genaro Mayorga-Salazar was convicted of being an alien unlawfully found in the United States after a previous deportation. On appeal, Mayorga-Salazar contends that the district court erred by applying an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C). He argues that his prior Texas conviction for the offense of evading arrest with a motor vehicle is not a crime of violence because the definition of crime of violence in 18 U.S.C. § 16(b), as

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40027

incorporated by reference into the definition of an aggravated felony in 8 U.S.C. § 1101(a)(43)(F), is unconstitutionally vague on its face in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The Government has moved unopposed for summary affirmance in lieu of filing a brief. Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The summary procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent. *United States v. Lopez*, 461 F. App'x 372, 374 n.6 (5th Cir. 2012); *see also United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010) (noting the denial of summary affirmance where an issue was not foreclosed).[1]

Our recent decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670, 674-77 (5th Cir. 2016) (en banc), *cert. filed*, No. 16-6259 (Sept. 29, 2016), forecloses relief on Mayorga-Salazar's argument that in light of *Johnson*, § 16(b) is unconstitutionally vague on its face.[2] However, Mayorga-Salazar also raises an as-applied challenge. In *Gonzalez-Longoria*, we addressed an as-applied challenge to the appellant's prior conviction of the Texas offense of Assault Causing Bodily Injury with a Prior Conviction of Family Violence and concluded that the standard provided by § 16(b) could be "straightforwardly

---

[1] *See Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (unpublished opinions issued after January 1, 1996 are not controlling precedent but may be considered persuasive authority); 5TH CIR. R. 47.5.

[2] The recent grant of certiorari by the United States Supreme Court on the issue whether § 16(b) is unconstitutional in light of *Johnson* in *Lynch v. Dimaya*, ___ S. Ct. ___, 2016 WL 3232911 (Sept. 29, 2016) (No. 15-1498), does not alter the analysis. This court is bound by its own precedent unless and until that precedent is altered by a decision of the Supreme Court. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).

No. 16-40027

applied" to the offense. *Gonzalez-Longoria*, 831 F.3d at 677-78. Our opinion in *Gonzalez-Longoria* does not foreclose relief on Mayorga-Salazar's as-applied challenge regarding his offense of evading arrest with a motor vehicle. Accordingly, summary affirmance is not appropriate in this case. *See Groendyke*, 406 F.2d at 1162.

Nevertheless, the standard of § 16(b) can be straightforwardly applied to Mayorga-Salazar's prior conviction, and § 16(b) is not unconstitutionally vague as applied to him. *See Gonzalez-Longoria*, 831 F.3d at 677-78; *see also United States v. Sanchez-Ledezma*, 630 F.3d 447, 450-51 (5th Cir. 2011). Thus, there was no error in the district court's determination that Mayorga-Salazar's prior conviction for evading arrest with a motor vehicle is an aggravated felony for purposes of § 2L1.2(b)(1)(C). In light of our conclusion, further briefing is not necessary.

The motions for summary affirmance and for an extension of time to file a brief are DENIED. The judgment of the district court is AFFIRMED.