# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60193
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODNEY GERALD HENDERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CR-114-1

Before JONES, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Rodney Gerald Henderson pleaded guilty pursuant to a written plea agreement to conspiracy to distribute methamphetamine, and the district court sentenced him to 235 months of imprisonment. He contends that the district court erred when it increased his offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(1). The Government responds by moving to dismiss the appeal or, alternatively, for summary affirmance based upon the appeal waiver

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in Henderson's plea agreement.  Henderson opposes the Government's motion, arguing that the appeal waiver should not be enforced because he was misled by his trial attorney into believing that he was waiving only his right to appeal his conviction, not his sentence.  The Government replies that Henderson's allegations regarding his trial attorney constitute a claim of ineffective assistance of counsel, which should be resolved in the first instance in the district court.  It therefore requests that the case be remanded to the district court for a resolution of the claim or that the appeal be dismissed without prejudice to Henderson raising an ineffectiveness claim in a 28 U.S.C. § 2255 proceeding.

This court reviews the validity of an appeal waiver de novo, *see United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002), and it does so based upon the record before it, *cf. United States v. Corbett*, 742 F.2d 173, 177 (5th Cir. 1984).  The written plea agreement and the rearraignment transcript reflect that Henderson knowingly and voluntarily agreed to the appeal waiver, making the appeal waiver enforceable.  *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).  Because Henderson's challenge to his sentence does not fall within the exception to the appeal waiver—his right to bring a claim of ineffective assistance of counsel—his appeal is barred by the waiver.  *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  Accordingly, the Government's motion to dismiss the appeal is GRANTED.  We DENY the Government's alternative request for summary affirmance as that procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent.  *United States v. Lopez*, 461 F. App'x 372, 374 n.6 (5th Cir. 2012); *see United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010).

No. 16-60193

To the extent that Henderson is raising a claim of ineffective assistance of counsel on direct appeal, the record is not sufficiently developed to permit direct review of the claim. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Furthermore, because a § 2255 motion is the preferred method for raising claims of ineffective assistance of counsel, our ruling is without prejudice to any right Henderson may have to raise such claims on collateral review. *See Massaro v. United States*, 538 U.S. 500, 503-09 (2003). We therefore DENY the Government's motion for remand, *see id.*, but GRANT the Government's motion to dismiss the appeal without prejudice to Henderson seeking relief under § 2255.

APPEAL DISMISSED.