# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20755
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

DANIEL GARCIA BELLO, also known as Daniel Bello,
also known as Daniel Garcia, also known as Daniel Belo,
also known as Daniel R. Garcia, also known as Daniel Rodrigo Garcia,
also known as Daniel Garcia-Belo,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:15-CR-423-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20755

Daniel Garcia Bello pleaded guilty of illegal reentry by a previously deported alien after an aggravated felony conviction and was sentenced to 31 months in prison. On appeal, Bello contended that the district court erred by classifying his prior conviction of evading arrest as an aggravated felony under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(C). Bello claimed that the conviction was not a crime of violence under 18 U.S.C. § 16(b) and thus not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). This court affirmed in *United States v. Bello*, 670 F. App'x 354 (5th Cir. 2016). The Supreme Court granted certiorari, vacated, and remanded for further consideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *Bello v. United States*, 138 S. Ct. 1976 (2018). In *Dimaya*, 138 S. Ct. at 1210, 1223, the Court held that the residual clause of § 16(b) is unconstitutionally vague.

At our request, the parties provided a joint supplemental letter in which they agreed as to the effect of *Dimaya*. The parties acknowledge that the unconstitutionality of § 16(b)'s residual clause does not render erroneous the district court's application of the § 2L1.2(b)(1)(C) enhancement. *See United States v. Godoy*, 890 F.3d 531, 540 (5th Cir. 2018). The parties also agree that Bello's predicate Texas conviction of evading arrest by motor vehicle does not constitute an aggravated felony for purposes of § 1326(b)(2). As a result, the judgment must be reformed to the extent it states that Bello was convicted and sentenced under § 1326(b)(2) for "[i]llegal re-entry by a previously deported alien after an aggravated felony conviction."

Accordingly, we REMAND for correction of the judgment to show conviction under § 1326(b)(1) instead of § 1326(b)(2). In all other respects, the judgment is AFFIRMED.