# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20637
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SANCHEZ OLIVAREZ, also known as Jose G. Sanchez, also known as Jose Guadalup Olivarez Sanchez, also known as Jose Guadalupe Olivare Sanchez, also known as Jose Guadalupe Sanchez-Olivarez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-355-1

 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:*

Jose Sanchez Olivarez pleaded guilty of illegal reentry by a previously deported alien after an aggravated felony conviction and was sentenced to 18 months in prison and three years of supervised release. On appeal, Sanchez Olivarez contended that the district court erred by classifying his prior

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction of evading arrest as an aggravated felony under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(C) (2014). Sanchez Olivarez claimed that the conviction was not a crime of violence under 18 U.S.C. § 16(b) and thus not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). This court affirmed in *United States v. Sanchez Olivarez*, 670 F. App'x 254 (5th Cir. 2016). The Supreme Court granted certiorari, vacated, and remanded for further consideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Dimaya*, 138 S. Ct. at 1210, 1223, the Court held that the residual clause of § 16(b) is unconstitutionally vague.

At our request, the parties provided supplemental letter briefs addressing the effect of *Dimaya*. The parties acknowledge that the unconstitutionality of § 16(b)'s residual clause does not render erroneous the district court's application of the § 2L1.2(b)(1)(C) enhancement. *See United States v. Godoy*, 890 F.3d 531, 540 (5th Cir. 2018). Additionally, Sanchez Olivarez contends—and the Government does not dispute—that, in light of *Dimaya*'s invalidation of § 16(b), his predicate Texas conviction of evading arrest with a motor vehicle does not constitute an aggravated felony for purposes of § 1326(b)(2). As a result, the judgment must be reformed to the extent it states that Sanchez Olivarez was convicted and sentenced under § 1326(b)(2) for "[i]llegal re-entry by a previously deported alien after an aggravated felony conviction."

Accordingly, we REMAND for correction of the judgment to show conviction under § 1326(b)(1) instead of § 1326(b)(2). In all other respects, the judgment is AFFIRMED.