# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2022

Lyle W. Cayce
Clerk

No. 20-11051
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JACK ZIMMERMAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-27-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Jack Zimmerman, federal prisoner # 39657-177, appeals the district court's denial of his motion for a sentence reduction and home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A). Zimmerman has filed a motion for the appointment of counsel, and the Government has filed a motion for

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

summary affirmance or, in the alternative, for an extension of time to file a merits brief, asserting that the district court properly denied Zimmerman's request for compassionate release because he conceded that he failed to exhaust his administrative remedies.  Because Zimmerman does not challenge the denial of his request for home confinement, he has abandoned review of that claim. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

A defendant may file a motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."   18 U.S.C. § 3582(c)(1)(A). Because Zimmerman acknowledges that he did not request that the warden file a motion for compassionate release on his behalf until after the district court denied his request, his challenge to the district court's determination that he failed to exhaust his administrative remedies is foreclosed. *See United States v. Franco*, 973 F.3d 465, 467 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020).  Because current precedent provides a clear result, we forego further briefing.  *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019). Zimmerman, however, does not concede that the issue is foreclosed, and thus we deny the motion for summary affirmance. *See United States v. Lopez*, 461 F. App'x 372, 374 n.4 (5th Cir. 2012); [1] *see also United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010) (denying summary affirmance despite parties' agreement issue was foreclosed because the case the parties relied on did not foreclose the issue).

---

[1] Unpublished opinions issued after 1995 are not precedential, but they may be persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

No. 20-11051

Accordingly, the Government's motion for summary affirmance or, alternatively, for an extension of time to file a merits brief is DENIED, the judgment of the district court is AFFIRMED, and the motion for the appointment of counsel is DENIED.