# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 8, 2010

Lyle W. Cayce
Clerk

No. 09-50347
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS LEE HOUSTON,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 5:07-CR-745-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Travis Houston appeals his seven-year sentence imposed for brandishing a firearm during and in relation to a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) (2006). He argues that, because he was subject to a 25-year mandatory minimum sentence under § 924(c)(1)(C)(i), the district court should

No. 09-50347

not have imposed an additional consecutive seven-year sentence pursuant to § 924(c)(1)(A)(ii). Because Houston's seven-year and 25-year sentences were for separate crimes, we affirm.

I.

While Michael Floyd, a truck driver for Grocery Supply Co. ("GSC"), was stopped at a red light in San Antonio, Texas, Houston ran up to the truck's window brandishing a handgun and demanded to be let in. Houston then moved Floyd over to the passenger seat and drove toward Austin, Texas.

Two hours later, in Austin, Houston spotted another GSC truck off the freeway making its delivery at a convenience store. Houston said, "There's my truck," exited the freeway, parked near the convenience store, and waited for the other truck to finish its delivery. As David Cruz, Jr., along with his co-worker Michael Bilicek, drove their truck from the store, Houston positioned his truck to block the road. As Cruz's truck approached, Houston exited his vehicle and ran toward Cruz's truck with his gun in hand while shouting at Cruz to stop.

As Cruz tried to drive around the truck Houston had left blocking the road, Houston jumped onto the steps to the passenger side door of Cruz's truck and held on to the truck. Cruz sped up and swerved the truck back and forth, and Bilicek repeatedly kicked the passenger side window, but Houston hung on to the vehicle. Houston then fired his gun into the cab, shattering the passenger side window and spraying glass shards onto Cruz and Bilicek. Cruz steered the truck toward a ditch and jumped out, breaking his leg. Houston also jumped off, before the truck, with Bilicek inside it, crashed into an occupied car and fell into the ditch.

Francisco Aleman was washing his cement truck nearby when he heard the gunshot and the crash, and he ran over to the crash site. He saw Houston running toward him and asked whether he needed any help, at which point Hou-

No. 09-50347

ston pulled out his gun, pointed it at Aleman, told him to "back up," pushed him up to the cement truck, and asked for Aleman's key to the truck. The engine of another cement truck was already running, however, so Houston took that truck and drove off. Using the truck's GPS system, police apprehended Houston shortly thereafter.

## II.

Houston was convicted of possession of a firearm by a convicted felon, three counts of taking a motor vehicle by force, and two counts of obstructing interstate commerce by robbery, for which he received sentences ranging from 120 to 240 months of imprisonment, to run concurrently. In addition, he was convicted of two counts of brandishing a firearm during and in relation to a crime of violence pursuant to 18 U.S.C. § 924(c). He was sentenced to seven years of imprisonment on the first § 924(c) count and 25 years on the second, both sentences to run consecutively to all other counts. He appeals the imposition of the seven-year consecutive sentence.[1]

## III.

Section § 924(c)(1) says, in pertinent part,

   (A)(i) *Except to the extent that a greater minimum sentence is otherwise provided by this subsection* or by any other provision of law, any person who, *during and in relation to* any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime––

---

[1] Although Houston also argues that his conviction for felony firearm possession pursuant to 18 U.S.C. § 922(g)(1) (2006) violates the Interstate Commerce Clause, he concedes that that argument is foreclosed by *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996).

No. 09-50347

. . . (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years;

. . . .

(C) In the case of a second or subsequent conviction under this subsection, the person shall––

(i) be sentenced to a term of imprisonment of not less than 25 years . . . .

18 U.S.C. § 924(c)(1) (emphasis added). Houston contends that the district court erred in imposing both a seven-year consecutive sentence for the first count of brandishing a firearm and a 25-year consecutive sentence for the second count, because § 924(c)(1)(A) prohibits imposing the seven-year § 924(c) sentence "to the extent that a greater minimum sentence is otherwise provided by [§ 924(c)]." We must therefore decide whether a greater minimum sentence for a second or subsequent § 924(c) offense qualifies as a "greater minimum sentence . . . otherwise provided by [§ 924(c)]."[2]

The language of a statute, like all language, "cannot be interpreted apart from context." *Smith v. United States*, 508 U.S. 223, 229 (1993). The so-called "except" clause of § 924(c)(1)(A)(i) "does not say 'a greater minimum sentence' *for what*; yet it has to have *some* understood referent to be intelligible." *United States v. Parker*, 549 F.3d 5, 11 (1st Cir. 2008). One such referent is that the clause applies only to sentences concerning firearm possession.[3] The question

---

[2] The parties agreed that Houston's appeal of his seven-year § 924(c) sentence was foreclosed by *United States v. London*, 568 F.3d 553, 564 (5th Cir. 2009), and the government moved for summary affirmance. We denied summary affirmance, however, because *London* does not address the issue we face.

[3] *London*, 569 F.3d at 564 (adopting reasoning and holding of *United States v. Collins*, 205 F. App'x 196 (5th Cir. 2006)). The Supreme Court granted certiorari to resolve a circuit split on that issue. *United States v. Gould*, 329 F. App'x 569 (5th Cir. 2009), *cert. granted,* 130 S. Ct. 1283 (2010) (No. 09-7073); *United States v. Abbott*, 574 F.3d 203 (3d Cir. 2009), *cert.*
(continued...)

No. 09-50347

is whether the "except" clause also covers a "greater minimum sentence" for possession of the same firearm during a subsequent crime committed later in the same day.

The issue is one of first impression, but the Second Circuit has come close to addressing it directly. In *United States v. Williams*, 558 F.3d 166, 171-72 (2d Cir. 2009) (*dictum*), it observed (and in *United States v. Parker*, 577 F.3d 143, 147 (2d Cir. 2009), it held) that the so-called "except" clause of § 924(c)(1)(A) applies only to conduct arising from the same criminal transaction or set of operative facts as the crime yielding the greater mandatory minimum sentence. Thus, in *Parker*, the mandatory minimum sentence arising from possession of crack cocaine between April 30 and May 1 did not preclude an additional consecutive sentence for conduct arising from possession of crack cocaine on July 19, because those were different transactions. *Parker*, 577 F.3d at 147.

In support of its holding, the Second Circuit relied on § 924(c)(1)(A)(i)'s reference to the use or carrying of a firearm "during and in relation to," or possession "in furtherance of," a crime of violence or drug trafficking offense. *Id.*; *Williams*, 558 F.3d at 171. The problem with that reasoning, however, is that the phrases "same transaction" and "set of operative facts" are procedural terms of art that mean neither "during" nor "in furtherance of" a crime of violence or drug trafficking offense.[4]

---

[3] (...continued)
*granted*, 130 S. Ct. 1284 (2010) (No. 09-479).

[4] *See, e.g., Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926) ("'[T]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 724-25 (1966) (holding federal jurisdiction over pendent state law claims exists only if federal and state claims have the same "nucleus of operative fact" and is not limited to those cases in which state law claims are "little more than the equivalent of different epithets to characterize the same group of circumstances" (internal quotation marks and citation omitted)); *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir.
(continued...)

No. 09-50347

For example, if a defendant robbed a bank and then stole a vehicle containing an unregistered firearm, a charge for possession of an unregistered firearm could form part of the same "transaction" as the bank robbery charge, even if the firearm was not carried "during" or possessed "in furtherance of" the robbery.[5]  In short, there is a logical gap between the Second Circuit's test and the statutory language it relies on.  Although the statute is admittedly "not a model of clarity," *Collins*, 205 F. App'x at 198, that does not sanction importing a doctrine found nowhere in the statute, let alone one as vague as the "same transaction" test.

There is a more faithful interpretation of the statute.  Section § 924(c)-(1)(A)(i) imposes a mandatory minimum sentence for using or carrying a firearm "during and in relation" to a crime of violence or drug trafficking crime or for possessing a firearm "in furtherance of" such a crime, unless § 924(c) or another provision of law imposes a greater mandatory minimum sentence.  Just as we thought in *Collins* that the statute's "greater mandatory minimum sentence" exception most reasonably refers only to another, greater sentence for firearm possession, *id.*, so too does it most reasonably refer only to a greater mandatory minimum sentence for *that specific crime* of firearm possession.[6]

In addition to being the most natural reading of § 924(c)(1)(A)(i), that interpretation avoids the odd result produced by the Second Circuit's reading,

---

[4] (...continued)
1993) (holding defendant's contractual indemnity claim for attorneys' fees against third party arose out of same "aggregate of operative facts" as did plaintiff's negligence claim against defendant (internal quotation marks and citation omitted)).

[5] *See United States v. Park*, 531 F.2d 754, 761 (5th Cir. 1976) (discussing *United States v. Pietras*, 501 F.2d 182, 185 (8th Cir. 1974)).

[6] *See United States v. Easter*, 553 F.3d 519, 526 (7th Cir. 2009) ("[T]he most natural reading of the 'except' clause is that a defendant convicted under § 924(c)(1) shall be sentenced to a term of imprisonment set forth in § 924(c)(1)(A) unless [another statutory provision] requires a higher minimum sentence for *that* § 924(c)(1) offense.").

whereby a second conviction under § 924(c)(1)(C) precludes any imprisonment for the first conviction if the two crimes occurred in close proximity. "A determination of guilt that yields no sentence is not a judgment of conviction at all." *Easter*, 553 F.3d at 526. The Second Circuit's interpretation would thus be proper only if § 924(c)(1)(A)(i) were only a sentencing enhancement provision. But it is not an enhancement provision; it defines a standalone crime.[7]

Finally, the reasoning we adopt meets the goals identified by the Second Circuit. We avoid making the length of a sentence turn on whether prosecutors charged the defendant in separate prosecutions instead of in a multi-count indictment.[8] Moreover, we avoid giving a defendant a lighter sentence just because he was "already sentenced for a prior unrelated crime in a previous case." *Williams*, 558 F.3d at 172.

In sum, § 924(c)(1)(A)(i)'s reference to a "greater mandatory minimum sentence" refers only to a greater mandatory minimum for *that specific offense*. Therefore, the district court did not err in sentencing Houston to consecutive terms of seven years for his first firearm offense and 25 years for his second.

AFFIRMED.

---

[7] *See Dean v. United States*, 129 S. Ct. 1849, 1853 (2009) ("The principal paragraph [of § 924(c)] defines a complete offense . . . .").

[8] *See Deal v. United States*, 508 U.S. 129, 133-34 (1993) (interpreting statute in part to avoid "such strange consequences"); *Williams*, 558 F.3d at 172 n.4.