# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60022
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEROME GORDON WELLINGTON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CR-104

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

In 2013, Jerome Gordon Wellington pleaded guilty, pursuant to a written plea agreement, to one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). The district court imposed a sentence of 188 months in prison to be followed by three years of supervised release, with the sentence to run concurrently with the total 151-month sentence imposed in 2009 for guilty-plea convictions for drug-related offenses. On appeal, Wellington challenges

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60022

his money laundering conviction and sentence, asserting that the Government breached the terms of the plea agreement in the drug cases by indicting him for money laundering.

Invoking the waiver of appeal provision in Wellington's plea agreement in the money laundering case, the Government moves for dismissal of Wellington's appeal, or, in the alternative, for summary affirmance. The government contends that the waiver is valid and enforceable and precludes Wellington from challenging his conviction or sentence for any reason. Because the summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent, *see, e.g., United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010), the Government's motion for summary affirmance is DENIED.

We reach a different result, however, on the motion to dismiss which seeks to enforce the appellate waiver. The validity of an appeal waiver is a question of law that we review de novo. *See United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005). The record indicates that Wellington read and understood the plea agreement, which contained an "explicit, unambiguous waiver of appeal." *United States v. McKinney*, 406 F.3d 744, 746 & n.2 (5th Cir. 2005). Thus, Wellington's appeal waiver was knowing and voluntary. *See United States v. Higgins*, 739 F.3d 733, 736 (5th Cir.), *cert. denied*, 134 S. Ct. 2319 (2014); FED. R. CRIM. P. 11(b)(1)(N). Accordingly, he is bound by it unless the Government breached the plea agreement. *See United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002). Wellington does not allege that the Government breached the plea agreement in this case, and an examination of the record reveals that the Government fulfilled its obligations under the plea agreement. Therefore, the appeal waiver provision is valid and binding and

No. 14-60022

bars the appeal of Wellington's money laundering conviction or sentence for any reason. *See Higgins*, 739 F.3d at 738-39.[1]

Accordingly, IT IS ORDERED that the Government's motion for dismissal is GRANTED, and the appeal is DISMISSED.

---

[1] It is worth noting that the plea agreement in the earlier drug case, which is the one Wellington contends the government breached, included a government agreement to not seek "further criminal prosecution [of Welllington] for any acts or conduct disclosed by [Wellington] . . . arising out of any event covered by the indictment . . . if [Wellington] voluntarily, truthfully, and completely disclose[d] all information and knowledge" he had. At the sentencing in this case at which Wellington raised the issue concerning his prior plea, the government vigorously disputed that it had breached this agreement. Its position was that Wellington refused to talk about his finances during his debriefing because he was aware of an ongoing money laundering investigation for which he was not the source.