# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-30905
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JHONNY PENA,

Defendant-Appellant

———————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:97-CR-145-6

———————————

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Jhonny Pena, federal prisoner # 25852-034, appeals following the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on a recent amendment to the Sentencing Guidelines for drug offenses. Pena pleaded guilty to murder committed in the course of a continuing criminal enterprise, conspiracy to possess with intent to distribute cocaine hydrochloride, and conspiracy to commit money laundering. The district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced him to the Guidelines sentence of life in prison for the murder and drug conspiracy and to 240 months in prison for the money laundering conspiracy. Pena now argues that under Amendment 782 to the Sentencing Guidelines, his guidelines range for the cocaine conspiracy has been reduced and he is entitled to be resentenced on that count.

The Government moves for summary affirmance, asserting that the district court properly concluded that Pena was not eligible for a sentencing reduction. This court's summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent. *See, e.g.*, *United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010) (noting the denial of summary affirmance where an issue was not foreclosed). As Pena does not concede that his arguments are foreclosed, summary affirmance is inappropriate.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In determining whether to reduce a sentence under 18 U.S.C. § 3582(c)(2), the district court first determines whether the defendant is eligible for a sentence modification. *Dillon v. United States*, 560 U.S. 817, 826 (2010). We review de novo whether the district court had authority to reduce a sentence under § 3582(c)(2). *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010).

Section 1B1.10 of the Sentencing Guidelines limits the circumstances under which a defendant is entitled to a § 3582(c)(2) sentence reduction based on retroactive amendments. Only an individual currently serving a sentence

determined by a Guidelines sentencing range lowered by particular listed amendments is potentially eligible. *See* U.S.S.G. § 1B1.10(a), p.s. Even then, a reduction is not authorized if the amendment does not have the effect of lowering the defendant's applicable guidelines range because of the operation of another guideline or statutory provision. § 1B1.10, p.s., cmt. (n.1(A)).

In the instant case, Pena's total guidelines range would not be reduced if Amendment 782 were applied to lower the base offense level for his cocaine conspiracy because of the application of the rules governing multiple counts of conviction. *See* U.S.S.G. §§ 3D1.1–3D1.4.

Pena notes that, pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines are not mandatory, although they were at the time of his original sentencing. However, a 18 U.S.C. § 3582(c)(2) proceeding is not a full resentencing but merely permits a sentence reduction under limited circumstances specified by the Sentencing Commission. *Dillon*, 560 U.S. at 825–26; *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009). The principles outlined in *Booker* and its progeny therefore do not apply to § 3582(c)(2) proceedings. *Dillon*, 560 U.S. at 825–31; *Doublin*, 572 F.3d at 237–39.

As Pena has not shown that the district court erred in concluding that he was not eligible for a sentencing reduction under § 3582(c)(2), the judgment of the district court is AFFIRMED. The Government's motion for summary affirmance and the alternative motion for an extension of time to file an appellate brief are DENIED.