# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41194
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EUSEBIO SALAZAR, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-1139-2

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Following a bench trial, Eusebio Salazar, Jr., was convicted of conspiracy to transport illegal aliens within the United States and two counts of transporting illegal aliens, in violation of 8 U.S.C. § 1324(a), and sentenced to 30 months of imprisonment on each count, with the sentences running concurrently. On appeal, he argues that the district court erred by denying his motion to suppress the evidence obtained following a stop by Border Patrol

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41194

agents because the agents lacked reasonable suspicion to stop the vehicle he was driving.  In lieu of filing a brief, the Government filed a motion for summary affirmance or, in the alternative, a motion for an extension of time to file its brief.

When reviewing a denial of a motion to suppress evidence, this court reviews factual findings for clear error and conclusions of law de novo.  *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).  "[A] district court's determination that a seizure has or has not occurred is a finding of fact subject to reversal only for clear error."  *United States v. Valdiosera-Godinez,* 932 F.2d 1093, 1098 n.1 (5th Cir. 1991).  Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  The Government claims that the issues in this case are foreclosed by "well-settled authority," including, *inter alia*, *Terry v. Ohio*, 392 U.S. 1 (1968), and *United States v. Mask*, 330 F.3d 330 (5th Cir. 2003).  However, summary affirmance is not proper in this case because neither *Terry* nor *Mask* addresses the exact issues raised by Salazar.  *See United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010); *see also Terry*, 392 U.S. at 4-8; *Mask*, 330 F.3d at 332-34.

Nevertheless, Salazar fails to show that the district court's findings on when the seizure occurred were clearly erroneous.  *See Valdiosera-Godinez,* 932 F.2d at 1098 n.1.  The district court determined that Salazar was not seized until "after the BMW engaged in erratic and evasive driving maneuvers, after [the] unlawful alien passengers were witnessed running from their vehicle, and after the BMW . . . rammed the Border Patrol unit."  *See California v. Hodari D.*, 499 U.S. 621, 629 (1991); *United States v. Holloway*, 962 F.2d 451,

No. 16-41194

456-57 (5th Cir. 1992).  However, Salazar failed to brief the timing issue, so he has waived any challenge to the district court's findings.  *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).  Therefore, he has not shown that the district court's timing decision was clearly erroneous.  *See Valdiosera-Godinez,* 932 F.2d at 1098 n.1.  And the Border Patrol agents' receipt of an anonymous tip concerning Salazar's vehicle and observation of Salazar driving erratically and evasively, stopping to allow individuals to run from his vehicle, and ramming a Border Patrol unit sufficiently support the Border Patrol agents' seizure here.

Accordingly, the Government's motions are DENIED, and the district court's decision is AFFIRMED.