# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10762
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAMON ANTONIO GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-20-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Damon Antonio Gonzalez appeals his conviction and sentence for conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine. He argues that his guilty plea was involuntary because he did not know when he pleaded guilty that the presentence report would take into account relevant conduct from 2014 that was not presented to the grand jury. He further contends that use of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10762

evidence from 2014 violated his Sixth Amendment right to the effective assistance of counsel in deciding whether to plead guilty, his Fifth Amendment rights to due process and indictment by a grand jury, and his Sixth Amendment right to a jury trial requiring proof beyond a reasonable doubt.

Asserting that his arguments are foreclosed by circuit precedent, Gonzalez has filed an unopposed motion for summary affirmance. However, his motion is insufficient to show that summary affirmance is appropriate. *See United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010) (noting that denial of summary affirmance is appropriate where cases cited do not directly address the issues presented). While the cases cited in Gonzalez's motion demonstrate that his arguments regarding the voluntariness of his plea and ineffective assistance of counsel are squarely foreclosed by Fifth Circuit law, *see, e.g.*, *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990), those cases do not address the remaining Fifth and Sixth Amendment issues he raises. Nevertheless, we affirm the judgment for the reasons below.

Under the advisory Guidelines regime in effect after *United States v. Booker*, 543 U.S. 220 (2005), the Fifth and Sixth Amendments do not prevent a sentencing judge from finding all facts relevant to sentencing (except those that increase the applicable statutory maximum) under the standard of preponderance of the evidence. *United States v. Hebert*, 813 F.3d 551, 564 (5th Cir. 2015). Furthermore, a "defendant need not have been convicted of, or even charged with, the other offenses for them to be considered relevant conduct for sentencing purposes." *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009). Accordingly, though not addressed by the cases cited in his motion, Gonzalez's remaining arguments are squarely foreclosed by Fifth Circuit law.

The district court's judgment is AFFIRMED, and Gonzalez's motion for summary disposition is DENIED.