# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-11201
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

SHEDERRO LEMARC BROOKS,

Defendant–Appellant.

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-272-1

————

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Shederro Lemarc Brooks appeals his conviction for possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). He argues for the first time that his guilty plea was not supported by a sufficient factual basis because, in light of *Bond v. United States*, 572 U.S. 844 (2014), this court should construe § 922(g)(1) to prohibit only possession of firearms that moved in interstate commerce in response to the defendant's conduct or

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11201

in the recent past.  The Government moves for summary affirmance or, in the alternative, an extension of time to file its brief.

In *United States v. Fitzhugh*, 984 F.2d 143, 146 (5th Cir. 1993), we rejected a similar challenge to the sufficiency of a factual basis, concluding that "a convicted felon's possession of a firearm having a past connection to interstate commerce violates § 922(g)(1)."  The Supreme Court's decision in *Bond* did not address § 922(g)(1) or abrogate this holding.  *See Bond*, 572 U.S. at 848; *see also United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014) (rule of orderliness).  The district court's determination that there was a sufficient factual basis for Brooks's guilty plea was not a clear or obvious error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

We DENY the government's motion for summary affirmance because the parties cite no binding authority addressing whether *Bond* affects the interpretation of § 922(g).  *See United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010).  Nevertheless, we dispense with further briefing, DENY the Government's alternative motion for an extension of time to file a brief, and AFFIRM the judgment of the district court.