# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11167
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN THOMAS MOHR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-368-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Brian Thomas Mohr appeals his conviction for possession of a firearm by a person subject to a qualifying court order in violation of 18 U.S.C. § 922(g)(8). For the first time on appeal, he raises two challenges to the adequacy of the factual basis for his guilty plea. In particular, he argues that his state protective order did not satisfy the requirements of § 922(g)(8)(C). Next, he argues that there were insufficient facts showing that the firearm he possessed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11167

had an adequate connection to interstate commerce.  The Government moves for summary affirmance in an unopposed motion or, alternatively, for an extension of time to file its brief.

Because Mohr did not raise his claims in the district court, he must show error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Even if he makes this showing, we have the discretion to correct the error but will do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Summary affirmance is inappropriate because Mohr does not raise claims that are squarely foreclosed.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969); *see also United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010).  Nevertheless, on plain error review, Mohr's arguments are unavailing.

First, regarding the factual basis for § 922(g)(8)(C), Mohr stipulated at rearraignment that the protective order used to obtain his conviction satisfied § 922(g)(8)(C).  He conversely argues on appeal that the protective order, which was not made part of the district court record, includes no statements satisfying § 922(g)(8)(C).  On plain error review, Mohr cannot show clear or obvious error in the district court's factfinding by presenting, for the first time on appeal, contradictory facts that were available but not presented to the district court.  *See United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015).

Nonetheless, even if we considered the protective order, which has been made part of the appellate record, *see United States v. Fernandez-Cusco*, 447 F.3d 382, 386 (5th Cir. 2006) (observing that this court may enlarge the record on appeal), we discern no clear or obvious error concerning whether the facts were sufficient to satisfy § 922(g)(8)(C)(ii), given the absence of circuit

precedent directly on point and given the statements in the protective order prohibiting Mohr from committing family violence as defined by Texas Family Code § 71.004 and child abuse as defined by, inter alia, Texas Family Code § 261.001(1)(C).  *See United States v. Emerson*, 270 F.3d 203, 213-14 (5th Cir. 2001) (observing that satisfying either clause (C)(i) or (C)(ii) suffices); *see also United States v. Coccia*, 446 F.3d 233, 242 (1st Cir. 2006) (addressing clause (C)(ii)).

Next, as to Mohr's argument concerning § 922(g)(8)'s interstate commerce element, we discern no clear or obvious error regarding the sufficiency of the factual basis, given that a document in the sealed records shows that the firearm at issue was manufactured outside of Texas and he stipulated that his gun possession was in and affected commerce.  *See United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996); *see also United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).

Accordingly, the judgment of the district court is AFFIRMED.  The Government's motion for summary affirmance is DENIED.  Because no further briefing is required, the Government's motion for an extension of time to file a brief is likewise DENIED.