# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2019

Lyle W. Cayce
Clerk

No. 18-11441
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEYON W. CARRAWAY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-113-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Keyon W. Carraway appeals his conviction for possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). Raising his challenges for the first time, he argues that § 922(g)(1) should be construed to reach only firearms that moved in interstate commerce in response to the defendant's commercial conduct or in the recent past. Carraway also contends that his factual basis was insufficient for conviction, particularly where it did

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not admit that he knew the firearm travelled in interstate commerce. According to Carraway, his arguments are foreclosed by binding precedent, but he raises them to preserve the issues for further review.  The Government moves for summary affirmance or, in the alternative, an extension of time to file its brief.

Our jurisprudence has rejected that § 922(g)(1) violates the Commerce Clause and also has rejected that the Supreme Court's ruling in *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012), overruled our § 922(g)(1) precedents.  *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).  We also have reaffirmed that § 922(g)(1) requires no proof that a defendant knew of the firearm's interstate nexus.  *United States v. Rose*, 587 F.3d 695, 705-706 (5th Cir. 2009).  Insofar as Carraway renews these challenges, his arguments are foreclosed.  *See United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010).

In *United States v. Fitzhugh*, 984 F.2d 143, 146 (5th Cir. 1993), we rejected a similar challenge to the sufficiency of a factual basis, concluding that "a convicted felon's possession of a firearm having a past connection to interstate commerce violates § 922(g)(1)."  The Supreme Court's decision in *Bond* did not address § 922(g)(1) or abrogate this holding.  *See Bond v. United States*, 572 U.S. 844, 848 (2014); *see also United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014) (rule of orderliness).  The district court's determination that there was a sufficient factual basis for Carraway's guilty plea was not a clear or obvious error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

We DENY the government's motion for summary affirmance because the parties cite no binding authority addressing whether *Bond* affects the interpretation of § 922(g).  *See Houston*, 625 F.3d at 873 n.2.  Nevertheless, we dispense with further briefing, DENY the Government's alternative motion for

No. 18-11441

an extension of time to file a brief, and AFFIRM the judgment of the district court.