# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-60186
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORENZO DYRELL HICKMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-89-2

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Lorenzo Dyrell Hickman pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, and the district court sentenced him to 270 months in prison to be followed by five years of supervised release. On appeal, Hickman challenges his sentence, arguing that the district court committed procedural and substantive errors by treating all of his methamphetamine as actual

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60186

methamphetamine and by applying an upward variance.  He further argues that to the extent plain error might apply to his challenges, defense counsel committed ineffective assistance in failing to raise specific objections.

Invoking the waiver of appeal provision in Hickman's plea agreement, the Government moves for dismissal of the appeal or, in the alternative, for summary affirmance, contending that the waiver is valid and enforceable and precludes Hickman from challenging his conviction or sentence except on the ground of ineffective assistance of counsel.  Hickman opposes the Government's motion, arguing that counsel was constitutionally ineffective in failing to ensure that he understood the appeal waiver provision of the plea agreement and that appeal waivers should not be enforced because they are inherently unfair.  The motion for summary affirmance is DENIED because the summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent.  *Cf. United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010) (noting the denial of summary affirmance where an issue was not foreclosed).

The validity of an appeal waiver is a question of law that we review de novo.  *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).  The record indicates that Hickman read and understood the plea agreement, which contained an "explicit, unambiguous waiver of appeal."  *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).  Thus, Hickman's appeal waiver was knowing and voluntary.  *See United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014); FED. R. CRIM. P. 11(b)(1)(N).  Accordingly, he is bound by it unless the Government breached the plea agreement.  *See United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002).  Hickman does not allege that the Government breached the plea agreement.  Therefore, the appeal waiver provision is valid and binding and bars Hickman's challenges to his sentence.

No. 19-60186

*See Higgins*, 739 F.3d at 736-37.  The record is not sufficiently developed to allow us to make a fair evaluation of Hickman's claims of ineffective assistance of counsel.  We therefore decline to consider those claims without prejudice to collateral review under 28 U.S.C. § 2255.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

Accordingly, IT IS ORDERED that the Government's motion for dismissal is GRANTED, and the appeal is DISMISSED.