# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 19-40739
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
July 29, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLEMENTE VALDEZ, JR.,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:19-CR-21-1

———————

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The opinion issued July 23, 2020 is withdrawn by the panel, and the following is issued in its place:

Clemente Valdez, Jr., appeals his conviction and sentence for escape from custody, in violation of 18 U.S.C. § 751(a). Valdez argues that reversal is warranted because (1) the voluntariness of his guilty plea and the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40739

court's compliance with Federal Rule of Criminal Procedure 11 cannot be ascertained due to omissions in the rearraignment transcript and (2) there is a conflict between the original sentencing transcript, which reflected a sentence of 14 months of imprisonment, and the judgment, which imposed a sentence of 24 months of imprisonment.

The Government requests summary affirmance on the second issue because, it asserts, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government does not cite a case that forecloses Valdez's claim. *See United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010). Rather, the second issue is rendered moot. Indeed, the record reflects that the discrepancy between the oral sentence and court transcript was a result of a typographical error. The court reporter referred to a digital back-up recording and verified that the oral pronouncement was in fact 24 months, as recommended in the presentence report. The district court then issued a corrected sentencing transcript to eliminate the typographical error and discrepancy. Summary affirmance is therefore improper.

Turning to the first issue, as Valdez notes, the first seven minutes of the hearing are missing from the rearraignment transcript. However, "a merely technically incomplete record, involving no substantial or significant omissions, will not be sufficient to work a reversal." *United States v. Selva*, 559 F.2d 1303, 1306 n.5 (5th Cir. 1977). Moreover, reversal is not warranted unless the omissions from the technically incomplete record affected the defendant's substantial rights or caused "any error other than harmless error." *United States v. Upshaw*, 448 F.2d 1218, 1224 (5th Cir. 1971).

No. 19-40739

In this case, the record includes a significant portion of the rearraignment transcript, the minutes of the hearing, and findings of fact and recommendations on the plea. The omissions from the transcript are not substantial and significant. *See United States v. Pace*, 10 F.3d 1106, 1125 (5th Cir. 1993). Thus, the omissions must be anything other than harmless to warrant a reversal. *See Upshaw*, 448 F.2d at 1223-24.

The record shows that Valdez intended to plead guilty, that he admitted committing the acts set out in the factual basis, that he understood the nature of the proceedings, and that he was knowingly and voluntarily entering his plea. Notably, he did not object to the magistrate judge's findings and recommendation on the guilty plea, nor did he attempt to withdraw his plea. Thus, we are satisfied that any omissions from the transcript were harmless. *See Upshaw*, 448 F.2d at 1224.

Accordingly, the judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is DENIED.