# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 21, 2021

Lyle W. Cayce
Clerk

No. 21-50201
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAFI WALI MCCALL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-96-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Rafi Wali McCall appeals his sentence of 57 months in prison imposed upon revocation of his supervised release following his 2007 conviction of two counts of distributing crack cocaine. *See* 18 U.S.C. § 3583(e). In his letter brief, McCall challenges on Sixth Amendment grounds the district

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50201

court's use of conduct underlying a federal drug charge of which a jury acquitted McCall, to sentence him upon revoking his supervised release. McCall has also filed an unopposed motion for summary disposition asserting that his arguments are foreclosed by this court's prior decisions including *United States v. Partida*, 385 F.3d 546, 565-66 (5th Cir. 2004), and *Garland v. Roy*, 615 F.3d 391, 398 (5th Cir. 2010), which rely on *United States v. Watts*, 519 U.S. 148, 157 (1997). Because none of the cited cases directly address his specific argument, summary disposition is inappropriate. *See United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010).

Nonetheless, further briefing is unnecessary. Because McCall raised his acquitted-conduct challenge for the first time on appeal, we review only for plain error. *See United States v. Toure*, 965 F.3d 393, 399 (5th Cir. 2020). In light of *Watts* and the cases following it, and in the absence of precedent specifically rejecting the application of this line of cases in the context of a supervised release revocation, McCall fails to show that the district court clearly or obviously erred in considering his acquitted conduct in arriving at the revocation sentence. *See Watts*, 519 U.S. at 157; *Toure*, 965 F.3d at 399.

The motion for summary disposition is DENIED. The judgment of the district court is AFFIRMED.