# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2022

Lyle W. Cayce
Clerk

No. 21-10387
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL WAYNE COOK,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CR-48-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Michael Wayne Cook appeals the 293-month, within-guidelines range sentence imposed upon his guilty plea conviction for attempted enticement of a minor. He contends that the district court plainly erred by applying U.S.S.G. § 4B1.5 to increase his guidelines range because his prior Texas

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

convictions for aggravated sexual assault of a child are not categorical "covered sex crimes" as defined in the Guidelines commentary. The Government moves for summary affirmance, arguing that Cook's ability to show that any plain error in applying § 4B1.5 affected his substantial rights or seriously affects the fairness, integrity, or public reputation of judicial proceedings is foreclosed by the district court's statement that it would have imposed the same sentence irrespective of the guidelines. Alternatively, the Government moves for a 30-day extension of time in order to file a merits brief. Cook opposes the motion for summary affirmance.

Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). This court's summary affirmance procedure is most appropriate for cases in which the parties concede that the issues are foreclosed by circuit precedent. *See United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010) (noting the denial of summary affirmance where an issue was not foreclosed); *United States v. Lopez*, 461 F. App'x 372, 374 & n.6 (5th Cir. 2012).

Cook's challenge to his sentence entails a more involved analysis of an issue not foreclosed by precedent, thus we decline to grant summary affirmance. *See United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010) (noting the denial of summary affirmance where an issue was not foreclosed). Specifically, we have not yet decided whether a conviction under Texas's aggravated sexual assault statute qualifies as a categorical "sex offense conviction" for purposes of § 4B1.5. Nonetheless, we may resolve the appeal without additional briefing. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019) (denying summary affirmance, dispensing with further briefing, and affirming).

First, because Cook did not object to the district court's application of § 4B1.5, review is for plain error. *United States v. Wikkerink*, 841 F.3d 327, 331 (5th Cir. 2016) (reviewing for plain error district court's unobjected-to application of § 4B1.5). To prevail on plain error review, Cook must identify (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he satisfies the first three requirements, this court may, in its discretion, remedy the error if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Cook's challenge to his sentence is fatally flawed because he cannot show an effect on his substantial rights. *See Molina-Martinez v. United States*, 578 U.S. 189, 200-01 (2016). Generally, where "the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights." *Molina-Martinez v. United States*, 578 U.S. 189, 201 (2016). However, in some cases, "the record . . . may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.* at 200; *see also United States v. Sanchez-Hernandez*, 931 F.3d 408, 411 (5th Cir. 2019) (stating that while *Molina-Martinez* "predicted erroneous Guidelines ranges will normally suffice to satisfy the third prong," it also "recognized that won't always be the case").

Here, the record is far from "silent as to what the district court might have done had it considered the correct Guidelines range." *Molina-Martinez*, 578 U.S. at 201. The district court offered "a detailed explanation of the reasons the [293-month] sentence was appropriate" under the § 3553(a) factors. *Id.* at 200. The court stated that it would impose the same sentence irrespective of the guidelines range because the "level of dangerousness" and

Cook's "repeat targeting of children is just incredibly dangerous and incredibly serious." The court noted that it had even considered an upward variance, specifically identifying aggravating factors such as the incredibly serious nature of the instant offense; Cook's history of sexual assaults against minors; his history of sex offense convictions, including aggravated sexual assault and failure to comply with sex offender requirements; the failure of more lenient prior sentences to deter his conduct; and Cook's admissions to having previously sought out and groomed minors for sexual activity online as justifications for his sentence. In short, the district court adequately explained in detail its determination that Cook's 293-month sentence was justified under the 18 U.S.C. § 3553(a) factors irrespective of any Guidelines error.

Thus, Cook has failed to show plain error. *See Puckett*, 556 U.S. at 135; *see also United States v. Garcia Miguel*, 829 F. App'x 36, 39-40 (5th Cir. 2020) (finding no effect on the defendant's substantial rights where the district court based the sentence on the § 3553(a) factors rather than on the incorrectly calculated Guidelines range*); United States v. Andrews*, 768 F. App'x 189, 193-94 (5th Cir. 2019) (same).

The Government's motion for summary affirmance and its alternative motion for an extension of time to file a merits brief are each DENIED. The judgment is AFFIRMED.