# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10744
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DEANDRE HYKEEM JACKSON,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:22-CR-13-1

---

Before JOLLY, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Deandre Hykeem Jackson pleaded guilty to robbery under the Hobbs Act, in violation of 18 U.S.C. § 1951(a)(1) and was sentenced to 78 months of imprisonment. He received a consecutive 84-month sentence for his plea of guilty to brandishing a firearm in furtherance of a crime of violence (COV) in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Jackson's Hobbs Act robbery

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

conviction was the predicate COV for his § 924(c) conviction. Jackson timely appealed, and he now challenges his § 924(c) conviction and sentence.

The Supreme Court recently held that attempted Hobbs Act robbery under § 1951(a) is not a COV for purposes of § 924(c). *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022). Citing *Mathis v. United States*, 579 U.S. 500 (2016), Jackson contends for the first time on appeal that § 1951(a) is "not divisible as between substantive and attempted robberies." Proceeding from the premise that § 1951 is indivisible, he reasons that, because the Supreme Court has held that attempted Hobbs Act robbery under § 1951(a) cannot form the predicate COV for a § 924(c) conviction, his own Hobbs Act robbery under that same statute may not do so. *See Mathis*, 579 U.S. at 505. Jackson argues that, if his interpretation of § 1951(a) is correct, there was an inadequate factual basis to support his plea to the § 924(c) offense. We review this argument only for plain error. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).

Jackson correctly concedes the error he alleges is not clear or obvious under current law and that he therefore cannot prevail under the plain-error standard of review. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007). He raises the issue here to preserve it for further review in the event of an intervening change in the law while his case remains on direct appeal. Based on Jackson's concession, the Government has moved for summary affirmance. That motion is DENIED because there is no controlling authority foreclosing Jackson's appeal. *See United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010). However, because Jackson cannot show plain error, we dispense with further briefing and AFFIRM the judgment of conviction. The Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary.