# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 9, 2012

Lyle W. Cayce
Clerk

No. 11-41053
c/w No. 11-41054
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUPERTO VALLE-PORCALLO,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-67-1
USDC No. 2:05-CR-626-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ruperto Valle-Porcallo appeals the sentence imposed following convictions for transporting an illegal alien and failing to appear for a pretrial conference in 2005. Valle-Porcallo does not contest the two-level increase in his guidelines offense level for obstruction of justice based on his flight and fugitive status, which resulted in his conviction for failing to appear. However, he argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the court erred by denying him credit for acceptance of responsibility based on the obstruction enhancement where he pleaded guilty promptly after being apprehended and was already sufficiently punished for fleeing.

We will affirm a decision not to award a reduction for acceptance of responsibility "unless it is without foundation, a standard of review more deferential than the clearly erroneous standard." United States v. Juarez-Duarte, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted). "A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." U.S.S.G. § 3E1.1, comment. (n.3). Moreover, absent extraordinary circumstances, an enhancement for obstruction of justice "indicates that the defendant has not accepted responsibility for his criminal conduct." Id., comment. (n.4); see Juarez-Duarte, 513 F.3d at 211. Valle-Porcallo has shown no extraordinary circumstances warranting a reduction for acceptance of responsibility in the face of an uncontested increase for obstruction of justice. See § 3E1.1, comment. (n.4); United States v. Lujan-Sauceda, 187 F.3d 451, 451-52 (5th Cir. 1999) (holding that even voluntary surrender after flight did not create extraordinary circumstances warranting credit for acceptance of responsibility). The district court's judgment is AFFIRMED.