# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————

No. 16-41452
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2017

Lyle W. Cayce
Clerk

—————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO HUMBERTO RAMIREZ, also known as Gordo, also known as Reynaldo Garza,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-2018-2

—————

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Eduardo Humberto Ramirez appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana.  In the same proceeding, Ramirez also pleaded guilty to and was sentenced for a separate drug conspiracy that was charged

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41452

back in 2004 in Indiana federal court.  Ramirez did not appeal the conviction or sentence from this earlier offense.

In his appeal of the sentence for the more recent Texas offense, Ramirez contends that the district court clearly erred in denying him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.  He filed a written objection to the denial of acceptance of responsibility and renewed his objection at sentencing.

A defendant who demonstrates acceptance of responsibility for his offense may receive a two-level reduction pursuant to § 3E1.1(a).  Although a defendant who pleads guilty prior to trial and truthfully admits relevant conduct may qualify for the reduction, a defendant's conduct that is inconsistent with acceptance of responsibility may outweigh this evidence. § 3E1.1, comment. (n.3).  This court will affirm the denial of a reduction of acceptance of responsibility unless it is "without foundation, a standard of review more deferential than the clearly erroneous standard." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted).

Ramirez has not shown that the district court clearly erred in denying him a reduction for acceptance of responsibility.  *See Juarez-Duarte*, 513 F.3d at 211.  Because Ramirez was being sentenced for both conspiracy convictions, the counts of conviction were grouped pursuant to U.S.S.G. § 3D1.2(d) for purposes of calculating his advisory guidelines range.  Ramirez was released on bond in November 2004 in the Indiana case and absconded from pretrial supervision.  He subsequently returned to Texas, began using an alias, and joined another drug conspiracy.  He was a fugitive from justice for almost 12 years and at the time of his arrest for the instant offense.  Ramirez's fugitive status and use of an alias were inconsistent with acceptance of responsibility.

No. 16-41452

*See United States v. Lujan-Sauceda*, 187 F.3d 451, 451-52 (5th Cir. 1999) (affirming denial of reduction based on defendant's failure to appear at sentencing); *United States v. Valle-Porcallo*, 475 F. App'x 515, 515 (5th Cir. 2012) (affirming denial of reduction based on defendant's flight and fugitive status); *United States v. Venegas*, 273 F.3d 1108, 2001 WL 1131844 (5th Cir. 2001) (affirming denial of reduction based on the defendant's use of false names and his refusal to speak to the probation officer).[1]  The district court's denial of a reduction for acceptance of responsibility was not without foundation.  *See Juarez-Duarte*, 513 F.3d at 211.  Ramirez's request to abate the appeal should be denied.

AFFIRMED; REQUEST TO ABATE APPEAL DENIED.

---

[1] Although unpublished opinions issued on or after January 1, 1996, are not precedential, they may be considered persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006); 5TH CIR. R. 47.5.4.