# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40627
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 23, 2019

Lyle W. Cayce
Clerk

Consolidated with 18-40628

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHANNON TECOKO MAYS,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CR-19-1
USDC No. 1:15-CR-5-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Shannon Tecoko Mays pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1349 and 1343, and failure to appear after pretrial release, in violation of 18 U.S.C. § 3146(a)(1) and (b)(1)(A)(i). He was sentenced to a total of 180 months of imprisonment, consisting of a 162-month term on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40627
c/w No. 18-40628

the conspiracy conviction and a consecutive 18-month term on the failure-to-appear conviction.  Mays now appeals his sentences, arguing that the district court erred in applying the two-level sophisticated means enhancement under U.S.S.G.  §  2B1.1(b)(10)(C)  and  denying  the  two-level  acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1(a).  He also has filed a pro se motion to "substitute/relieve" counsel and to proceed pro se in each case.

We reject Mays's claim that it was clear error to apply the sophisticated means enhancement to his offense level.  *See United States v. Conner*, 537 F.3d 480, 492 (5th Cir. 2008); *United States v. Clements*, 73 F.3d 1330, 1340 (5th Cir. 1996).  Guidelines commentary defines the term "sophisticated means" as involving "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." § 2B1.1, comment. (n.9(B)).  The instant case involved the use of sophisticated means in both the execution and the concealment of the tax fraud conspiracy, through which Mays prepared and filed, in 2011 alone, over 3,000 tax returns which each claimed a $1,000 education tax credit and which generated over $5 million in total refunds.  Mays used recruiters in a jurisdiction outside of his office locations and targeted individuals with limited income, many of whom were elderly.  In preparing the fraudulent tax returns, he altered taxpayers' addresses and telephone numbers, which helped to hide the fraud from taxpayers, and he generated false W-2 Wage and Tax Statements, which caused the data submitted to the Internal Revenue Service to appear to have a credible basis.  In addition, Mays used numerous bank accounts to commit the offense.  Under these circumstances, the district court did not clearly err in applying the § 2B1.1(b)(10)(C) enhancement.  *See* § 2B1.1, comment. (n.9(B)); *Conner*, 537 F.3d at 492.

No. 18-40627
c/w No. 18-40628

Mays also has not shown that the district court clearly erred in denying him a reduction for acceptance of responsibility. *See United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008). Because Mays was being sentenced for both the conspiracy offense and the failure-to-appear offense, the counts of conviction were grouped pursuant to U.S.S.G. § 3D1.2(c) for purposes of calculating his advisory guidelines range. *See* U.S.S.G. § 2J1.6, comment. (n.3.). Mays was released on bond in February 2014 in the conspiracy case, failed to appear for a final pretrial hearing, and remained absent until his arrest in June 2017. He also denied knowing the false nature of the information he used in preparing the tax returns and thus minimized his involvement in the offense. Mays's fugitive status and denial of relevant conduct were inconsistent with acceptance of responsibility. *See United States v. Lujan-Sauceda*, 187 F.3d 451, 451-52 (5th Cir. 1999); *United States v. Valle-Porcallo*, 475 F. App'x 515, 515 (5th Cir. 2012); § 3E1.1, comment. (nn.1(A), 1(H) & 3). Further, Mays has shown no extraordinary circumstances warranting a reduction for acceptance of responsibility in the face of an uncontested increase for obstruction of justice. *See* § 3E1.1, comment. (n.4). The district court's denial of a reduction for acceptance of responsibility was not without foundation. *See Juarez-Duarte*, 513 F.3d at 211.

The judgments of the district court are AFFIRMED. Mays's motions to substitute/relieve counsel and to proceed pro se are DENIED as untimely. *Cf. United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998); *United States v. Rincon-Rincon*, 668 F. App'x 606, 607 (5th Cir. 2016).