# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2020

Lyle W. Cayce
Clerk

No. 19-41044
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDUARDO H. RAMIREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-333-1

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Eduardo H. Ramirez appeals his 135-month sentence for conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, arguing that the district court erred by finding that he was not eligible for a reduction to the offense level for acceptance of responsibility pursuant to

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

U.S.S.G. § 3E1.1.  Instead of filing a brief, the Government filed an opposed motion for summary affirmance and an alternative motion for an extension of time in which to file its brief.

Summary affirmance is warranted where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Here, the Government asserts that the law of the case and issue preclusion doctrines apply based on our decision in Ramirez's separate appeal of a different conviction raising the same issue. *See Pepper v. United States*, 562 U.S. 476, 506 (2011); *Kaspar Wire Works, Inc. v. Leco Engineering and Machine, Inc.*, 575 F.2d 530, 535-36, (5th Cir. 1978); *see also United States v. Ramirez*, 706 F. App'x 217, 218 (5th Cir. 2017).

The Government does not cite a case in which either doctrine applies to similar facts, meaning that it has not cited a specific case that forecloses Ramirez's claim.  *See United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010).  Moreover, the application of the law of the case doctrine is discretionary, not mandatory.  *See United States v. Castillo*, 179 F.3d 321, 326-27 (5th Cir. 1999), *rev'd on other grounds*, 530 U.S. 120 (2000); *see also White v. Murtha*, 377 F.2d 428, 431 (5th Cir. 1967).  Thus, summary affirmance is not appropriate.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

We will deny the motion for summary affirmance but decide the appeal without further briefing because the outcome is clear.  Ramirez has not shown that the district court's decision to deny him a reduction for acceptance of responsibility was "without foundation."  *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted).  Ramirez was released on bond in this case and absconded from pretrial supervision.  He fled Indiana for Texas, began using an alias, and joined another drug conspiracy.  He was a fugitive from justice

No. 19-41044

for almost 12 years until his arrest for the Texas drug offense. Ramirez's fugitive status and use of an alias were inconsistent with acceptance of responsibility. *See United States v. Lujan-Sauceda*, 187 F.3d 451, 451-52 (5th Cir. 1999); *see also Ramirez*, 706 F. App'x at 218.

Accordingly, the Government's motion for summary affirmance and alternative motion for extension of time are DENIED and the judgment of the district court is AFFIRMED.